UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-364(11) (RHK/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | POSITION OF THE UNITED STATES |
| Plaintiff, | ) | WITH RESPECT TO SENTENCING |
| v. | ) | |
| | ) | |
| LAKESHA COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The probation officer has calculated a guideline range of level 20/category I = 33-41 months. This is slightly higher than the range contemplated by the plea agreement, which was level 17/category I = 24-30 months. For the following reasons, the government stands by the plea agreement and recommends a sentence of 30 months.

Guideline Computations. The presentence report correctly assigns a base offense level of 12 with a 2-level enhancement for the number of guns attributable to Coleman (6 guns), and an additional 4-level enhancement for use of at least one of the firearms in connection with other felony offenses. PSR ¶¶ 31, 32, 35. So far, the PSR is consistent with the plea agreement. However, the PSR also includes an additional 4-level enhancement for trafficking in firearms. PSR ¶ 34. Although technically correct, the government cannot endorse this enhancement because it did not reserve its right to do so in the plea agreement.

Role in the Offense. The probation officer has recommended a 2-level role reduction. If the Court denies the recommended 4-level enhancement for trafficking in firearms, then the government believes it should also deny the 2-level role reduction.

Under the plea agreement, Coleman is being held responsible only for her own actions in purchasing six firearms as a straw purchaser and providing them to other members of the conspiracy, who used at least one of them to commit other felony offenses. Because Coleman is not being held accountable for all the guns in the conspiracy, but only the ones with which she was personally involved, a role reduction is unwarranted. <u>See</u> U.S.S.G. § 3B1.2, application note 3(A). As to the six guns she personally obtained as a straw purchaser, the government's position is she was an average participant because she personally went into the gun stores and obtained the guns under false pretenses.

    <u>Acceptance of Responsibility</u>. In the plea agreement, the government conditionally agreed to recommend a 3-level reduction for acceptance of responsibility. But this was dependent on the defendant testifying truthfully during the change of plea hearing, participating truthfully with the probation office in the presentence investigation, not violating any conditions of pretrial release, and continuing to exhibit conduct consistent with acceptance of responsibility. Plea Agreement ¶ 4. It appears that the defendant has violated at least three of these prerequisites.

    According to the probation officer, Coleman was not truthful in her oral acceptance of responsibility statement, but rather falsely claimed she bought the six firearms for her own personal use and was the later victim of theft. This is the same false story she told the investigating agents, and was also the basis for the government's initial request for an enhancement for obstruction of justice, Plea Agreement ¶ 9, which the government has now abandoned.

In addition, the defendant tested positive for controlled substances repeatedly while out on bond in this case, which ultimately led to the revocation of her pretrial release.  The undersigned does not believe that testing positive for controlled substances, by itself, is a basis for denying credit for acceptance of responsibility.   However, Coleman's drug use while on bond was aggravated by her conduct in falsely denying to her Pretrial Services Officer and to the Court that she had used illegal drugs.  Taken as a whole, the defendant's behavior since April 10, 2015 when she pleaded guilty in this case strongly suggests she has not accepted responsibility for her criminal conduct.

Recommendation.   Based on all the foregoing considerations, the government respectfully recommends a sentence of 30 months.  This is the top end of the guideline range contemplated by the plea agreement.   The actions of straw purchasers like Coleman, who purchase numerous guns and provide them to convicted felons and gang members such as Coleman's co-defendants, is a serious threat to the safety of the community.  Not only does such conduct put guns in the hands of people who could not otherwise lawfully obtain them, when these felons and gang members know that the guns cannot be traced directly back to them, they feel free to use the guns to commit other felony offenses such as robberies, shootings, and even murders.  People like Coleman who provide guns to prohibited persons, usually for a fee, need to be held accountable for the consequences of their illegal behavior.

Dated:  December 21, 2015                    Respectfully submitted,

                                            ANDREW M. LUGER
                                            United States Attorney

                                            s/Jeffrey S. Paulsen
                                            BY: JEFFREY S. PAULSEN
                                            Assistant U.S. Attorney
                                            Attorney ID No. 144332